# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Case No. 10 B 30688** |
| *Kim Jay Braunstein,* | ) | **Chapter 7** |
| | ) | **Hon. Bruce W. Black** |
| **Debtor.** | ) | |
| | ) | **Hearing Date:  September 16, 2011** |
| | ) | **Hearing Time:  9:30 a.m.** |

## NOTICE OF MOTION

TO:   Clerk of the U.S. Bankruptcy Court, 219 S. Dearborn St., Chicago, IL 60604
      See attached Service List

**PLEASE TAKE NOTICE** that on the 16th day of September, 2011 at 9:30 a.m., I shall appear before the Honorable Bruce W. Black, Will County Court Annex Building, 57 North Ottawa Street, Room 201, Joliet, Illinois 60432 and shall then and there present the attached **MOTION OF EVERGREEN FUNDING AND K2 DEVELOPMENT FOR AN ORDER CLARIFYING CERTAIN APPELLATE RIGHTS TRANSFERRED IN THE SALE ORDER AND ENJOINING THE DEBTOR FROM CONTINUING TO INTERFERE WITH THOSE RIGHTS** at which time you may appear if you so desire.

By:      /s/  Steve Jakubowski
Steve Jakubowski (IL ARDC No. 6191960)
THE COLEMAN LAW FIRM
77 West Wacker Drive, Suite 4800
Chicago, Illinois 60601
Tel:  (312) 444-1000
Fax:  (312) 444-1028
sjakubowski@colemanlawfirm.com

# CERTIFICATE OF SERVICE

I, Steve Jakubowski, hereby certify that a true and correct copy the **MOTION OF EVERGREEN FUNDING AND K2 DEVELOPMENT FOR AN ORDER CLARIFYING CERTAIN APPELLATE RIGHTS TRANSFERRED IN THE SALE ORDER AND ENJOINING THE DEBTOR FROM CONTINUING TO INTERFERE WITH THOSE RIGHTS** was served on this 15th day of September, 2011, upon the persons entitled to receive notice by electronic mail through the Court's ECF electronic delivery system, including Bradley Waller, the chapter 7 trustee, and Robert Allen, attorney for the Debtor.

                                                  /s/  Steve Jakubowski
                                                    Steve Jakubowski

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | Case No. 10 B 30688 |
| | ) | Chapter 7 |
| *Kim Jay Braunstein,* | ) | Hon. Bruce W. Black |
| | ) | |
| Debtor. | ) | Hearing Date: September 16, 2011 |
| | ) | Hearing Time: 9:30 a.m. |

**MOTION OF EVERGREEN FUNDING AND K2 DEVELOPMENT
FOR AN ORDER CLARIFYING CERTAIN APPELLATE RIGHTS
TRANSFERRED IN THE SALE ORDER AND ENJOINING THE
DEBTOR FROM CONTINUING TO INTERFERE WITH THOSE RIGHTS**

Evergreen Funding, Inc. ("Evergreen" or the "Purchaser") and K2 Development, LLC II ("K2," together with Evergreen, the "Movants"), by and through their undersigned attorneys, hereby move for entry of an order (i) clarifying certain appellate rights, Claims, and interests transferred to Evergreen that relate to certain matters identified on Schedule A to this Court's sale order of July 11, 2011 (the "Sale Order," a copy of which is attached hereto as **Exhibit 1**)[1] and (ii) enjoining the debtor, Kim Jay Braunstein ("Braunstein" or "Debtor"), and his representatives from continuing to hinder, delay, and interfere with those rights. In support of this objection, Movants state as follows:

**INTRODUCTION**

As set forth very clearly in the Sale Order, Evergreen purchased "*all*" Claims against K2 (including Claims that were the subject of the litigation identified on Schedule A to the Sale Order), and "*all*" rights, Claims, and interests in or related to K2 and the LaGrange Road Property. Shortly after the Sale Order was entered, Evergreen moved to dismiss with prejudice the pending Chancery Division action in the Circuit Court of Cook County (identified as No. 4

---

[1] Capitalized terms used herein and not otherwise defined have the meaning set forth in the Sale Order.

on Schedule A to the Sale Order, hereinafter the "2011 L Action"), which related to Braunstein's assertion of his alleged buyout rights in K2.[2]  Braunstein, however, objected to the dismissal of the 2011 L Action with prejudice and argued that the dismissal should be without prejudice.  The Honorable Mary Ann Mason granted Evergreen's motion over Braunstein's objection and dismissed the action with prejudice.

Despite having no standing as a result of the rights transferred in the Sale Order, Braunstein appealed to the Illinois Appellate Court the order of Judge Mason dismissing the 2011 L Action with prejudice.  When challenged by K2's counsel, Braunstein's counsel—Jacob Schuster—responded in a letter dated September 5, 2011 (the "Schuster Letter," the relevant portions of which are attached hereto as **Exhibit 2**), that the appeal was not "legally frivolous," yet Mr. Schuster could only supply the following frivolous justification:

> I actually argued against the filing of this appeal, as I did not think it a judicious use of my client's limited funds.  However, as you well know, it is the client's decision to file an appeal.  Because the cause of action was dismissed with prejudice in state court, Mr. Braunstein will be forever barred from asserting this claim against Finkelstein.  It is unlikely that Mr. Braunstein will ever obtain the claim, but it is possible.  For example, Braunstein could acquire the right in the exact same way that Finkelstein did-at a bankruptcy auction sale.  To keep this option open, the dismissal with prejudice must be appealed. I do not feel this is legally frivolous.  Furthermore, as to this limited aspect of the appeal, the "right" vested post-petition, and deals with post-petition assets. Arguably, this limited aspect of the appeal is not property of the estate. (Schuster Letter, **Exhibit 2**, at p.2.)

In responding to the additional request by K2's counsel that Braunstein limit his appeal of the final judgment entered in the main underlying Illinois state court action to only the nondischargeable monetary judgment entered against him, Braunstein's counsel provided another frivolous justification for his client's refusal to dismiss the non-monetary aspects of that

---

[2]  The filing of the 2011 L Action led to K2's filing of its contempt motion in this Court against Braunstein that is still pending and has been continued from time to time.

2

judgment (*i.e.,* by which Judge Mason transferred by judicial deed a portion of the LaGrange Road Property to K2):

> Similarly, there is no mention of the appeal of Judge Mason's final order in Braunstein's bankruptcy schedules. This "cause of action" may be included in Braunstein's bankruptcy estate, or aspects of it may be, or it may not. The sale order of July 11 is, to reiterate, entirely silent on whether the appeal of the final order is included in the bankruptcy estate's sale of assets. Yet, you wish me to unilaterally abandon this avenue of Braunstein's rights based entirely on your unsupported and biased opinion that it is barred by an ambiguous judicial order. The appeal rights of U.S. and Illinois citizens are sacrosanct. I am sorry, but I simply cannot abandon my duty to my client and my client's rights without more support, or without some judicial determination of what exactly my client's rights are in the Illinois Appellate court.   (Schuster Letter, **Exhibit 2**, at p.2.)

The Sale Order's use of the word "*all*" to describe the rights, Claims, and interests transferred could not be clearer.  "All," according to Merriam-Webster's online dictionary, means "the whole amount, quantity, or extent of," "as much as possible," and "every member or individual component of."[3]  As such, the Sale Order transferred to Evergreen every interest, right, or Claim in, related to, or against K2 or the LaGrange Road Property, regardless of whether those interests, rights or Claims were listed on the Debtor's schedules.  Further, as noted in K2's objection to Braunstein's motion to vacate the Sale Order, the idea that rights to direct these pending appeals were somehow excluded from the transfer authorized by the Sale Order merely because the appeal was commenced and the underlying final judgment was entered postpetition is preposterous.

Because Braunstein and Mr. Schuster claim that they lack an understanding of bankruptcy law and thus cannot determine the impact of the Sale Order on the pending appeals, the Movants have agreed—as a courtesy—to move this Court for entry of an order clarifying the effect of Sale Order on (i) certain appeals and litigation matters identified on Schedule A to the

---

[3]  *See All (adjective) Definition*, Merriam-Webster.com, http://www.merriam-webster.com/dictionary/all (last accessed Sept. 14, 2011).

3

Sale Order and (ii) Braunstein's post-sale appeal of Judge Mason's dismissal order in the 2011 L Action.

To that end, Movants have filed this Motion seeking entry of the proposed form of order that (i) clarifies the manner in which the Sale Order divested Braunstein of "*all*" rights, Claims, or interests in or related to (A) his appeal of the 2011 L Action and (B) the appeal of Judge Mason's order transferring by judicial deed a portion of the LaGrange Road Property to K2 and (ii) enjoins Braunstein and his representatives from taking any action to hinder, delay, or interfere with Evergreen's efforts to dismiss those appeals.

## STATEMENT OF FACTS

*The Underlying Litigation Referenced in Schedule A to the Sale Order*

1. On October 13, 2006, K2 filed a lawsuit against the Debtor in the Circuit Court of Cook County, Chancery Division, captioned *K2 Development, LLC II v. Kim Braunstein, et al.*, Case No. 06 CH 21885 (the "**State Court Litigation**"). This litigation is identified as **No. 5 on Schedule A to the Sale Order**.

2. On December 21, 2010, Judge Mason entered final judgment in favor K2 and against Braunstein in the State Court Litigation (the "Final Judgment"). The Final Judgment (i) awarded K2 $1,132,575.90 in compensatory and punitive damages against Braunstein (the "Damage Award") and (ii) issued a judicial deed conveying the wrongfully withheld portion of the LaGrange Road Property to K2 (the "Judicial Deed Issuance"). A copy of the Final Judgment is attached hereto as **Exhibit 3**. The Damage Award became nondischargeable as a result of an order subsequently entered by this Court.

3. Following entry of the Final Judgment, Braunstein filed with the Illinois Appellate Court five separate appeals, which were consolidated into two separate but related

appeals, Consolidated Appeal Nos. 10-3672 and 11-0442 (the "Consolidated Appeals"). These Consolidated Appeals are identified as **Nos. 1 and 2 on Schedule A to the Sale Order**.

4. Consolidated Appeal No. 10-3672 (**No. 1 on Schedule A to the Sale Order**) ("Original Consolidated Appeal No. 10-3672") represents Braunstein's pending appeals of the Final Judgment (both the Damage Award and the Judicial Deed Issuance).

5. Consolidated Appeal No. 11-0442 (**No. 2 on Schedule A to the Sale Order**) is an appeal of a January 18, 2011 injunction that Judge Mason entered and clarified on April 8, 2011, based upon Braunstein's repeated collateral attacks on the Judicial Deed Issuance in the Final Judgment. These orders enjoined Braunstein from taking any action relating to the LaGrange Road Property, including filing a *lis pendens* or commencing or pursuing other actions designed to affect or impair K2's title to the LaGrange Road Property. The Movants do not believe that Consolidated Appeal No. 11-0442, as presently postured, is implicated by the Sale Order and so no clarification of the impact of the Sale Order on this appeal is sought through this Motion.

6. Appeal No. 11-0648 (**No. 3 on Schedule A to the Sale Order**), as presently postured, similarly requires no clarification regarding the impact of the Sale Order on it. This appeal was consolidated into the Original Consolidated Appeal 10-3672 on July 7, 2011, but for purposes of this Motion, Appeal No. 11-0648 is deemed separate from, and is not included within, the defined "Original Consolidated Appeal No. 10-3672."

7. While this bankruptcy case was pending and without the trustee's consent, Braunstein initiated the 2011 L Action in January 2011, claiming he was entitled to specific performance of certain purported buyout rights in K2. The 2011 L Action was transferred to Judge Mason as a related matter. The 2011 L Action is identified as **No. 4 on Schedule A to the Sale Order**.

8.  As noted above, the State Court Litigation generally is identified as **No. 5 on Schedule A to the Sale Order**, but it too—as presently postured—requires no clarification regarding the impact of the Sale Order on it.

*The 363 Sale and Entry of the Sale Order*

9.  Since the entry of the Final Judgment and this Court's order of non-dischargeability, Braunstein and his brother, Ian Braunstein, have told Dr. Finkelstein and his counsel that they intend to tie up Dr. Finkelstein in litigation for years to come and to force Dr. Finkelstein to spend hundreds of thousands of dollars in legal fees and costs.  Their conduct to date proves their intent to make good on their promise.

10.  On July 11, 2011, the Court entered the Sale Order, which authorized the sale and transfer to Evergreen of the following in exchange for $115,000 in cashiers' checks tendered to the Trustee at the auction:

> All demands, claims, actions, equity interests, membership interests, causes of action, suits, charges, and controversies, whether known or unknown, direct or indirect, liquidated or contingent (collectively, the "Claims"), that the chapter 7 bankruptcy estate of Kim Jay Braunstein (the "Estate") may have against Kenneth Finkelstein, D.O. ("Dr. Finkelstein"), K2 Development, LLC II, and K2 Development, LLC (collectively, "K2"), and any of their respective owners, partners, members, Affiliates (as defined in the Bankruptcy Code), Insiders (as defined in the Bankruptcy Code), officers, directors, and employees (the "Sale Property"), including without limitation (i) the Claims represented in Schedule B of Braunstein's filed Schedule of Assets (exclusive of collection actions against Homewood Group, LLC and Schilling Brothers Lumber and any and all pre-pretition malpractice claims, including, but not limited to legal malpractice claims), (ii) all rights, Claims, and interests in or related to K2 Development, LLC II, K2 Development, LLC, and the property located at 16600 S. LaGrange Road, Orland Park, Illinois (including those rights, Claims and interests that are the subject of the litigation set forth on the attached Schedule A), and (iii) all Claims against K2 Development, LLC II, K2 Development, LLC, or Dr. Finkelstein (including those Claims that are the subject of the litigation set forth on the attached Schedule A.  (Sale Order at p.1.)

6

11. The Sale Order further provided that (i) "the Sale Property shall be deemed transferred to the Purchaser … free and clear of all Interests of the Debtor or the Braunstein Estate of any kind or nature whatsoever" (Sale Order at ¶ 3) and (ii) "[a]ll persons and entities, including, but not limited to, governmental, tax, and regulatory authorities, lenders, trade and other creditors, holding Interests of any kind or nature whatsoever against or in the Debtor, the Estate, or the Sale Property arising under or out of, in connection with, or in any way relating to, Debtor, the Sale Property, or the transfer of the Sale Property to the Purchaser, are hereby forever barred and estopped from asserting such persons' or entities' Interests against the Purchaser, its successors and assigns, or the Sale Property or the Trustee or the Bankruptcy Estate" (Sale Order at ¶ 4).

12. The Court also retained in the Sale Order jurisdiction "to hear and determine all matters arising from or related to the matters encompassed by this Order."  (Sale Order at ¶ 5).

### *Braunstein Files a Post-Sale State Court Appeal Affecting the Sale Property*

13. As noted above, the Sale Property purchased by Evergreen included all rights, Claims, and interests of the Trustee and the Bankruptcy Estate in the 2011 L Action, which is identified as No. 4 on Schedule A to the Sale Order.

14. On July 22, 2011, following Evergreen's purchase of the Sale Property, Evergreen moved for authority to substitute Evergreen as the proper plaintiff in the 2011 L Action and to dismiss that action with prejudice.  Braunstein objected to entry of the order, but his objection was overruled.  A copy of the July 22, 2011 order dismissing the 2011 L Action is attached hereto as **Exhibit 4**.

15. On August 15, 2011, Braunstein filed a notice of appeal with the Illinois Appellate Court of the trial court's order dismissing the 2011 L Action with prejudice (the "<u>2011 L Appeal</u>").

*The Parties Disagree over the Effect of the Bankruptcy Sale on Braunstein's Rights*

16. On August 31, 2011, in response to the filing of the 2011 Law Appeal and to avoid even more meritless litigation, counsel for the Movants (i) advised Braunstein's state court counsel, Mr. Schuster, that the filing of the 2011 L Appeal violates the Sale Order and (ii) requested that Braunstein dismiss the 2011 L Appeal immediately and refrain from continuing his prosecution of Original Consolidated Appeal 10-03672 as it relates to the Judicial Deed Issuance.

17. Schuster responded by letter on September 5, 2011 and stated (as quoted in the Introduction above) that the effect of the Sale Order on Braunstein's appeal rights was unclear to him. He asked that the Movants seek an order from this Court clarifying the effect of the Sale Order on these pending appeals and advised that he would file a motion with the Illinois Appellate Court seeking to stay further prosecution of these appeals until this Court ruled on this Motion. (*See* Schuster Letter, **Exhibit 2**, at p.2.)

## ARGUMENT

By this motion, Movants seek entry of the proposed order filed herewith that (i) clarifies the manner in which the Sale Order divested Braunstein of all rights, Claims, or interests in or related to (A) his appeal of the 2011 L Action and (B) the appeal of Judge Mason's order transferring by judicial deed a portion of the LaGrange Road Property to K2 and (ii) enjoins Braunstein and his representatives from taking any action to hinder, delay, or interfere with Evergreen's efforts to dismiss those appeals.

18. In the proposed order, Movants seek the following substantive relief:

- A ruling that Evergreen owns and controls by virtue of the Sale Order all rights, Claims, or interests in and to the Debtor's and the Braunstein Estate's rights to Original Consolidated Appeal No. 10-3672 (except for those aspects of the appeal that relate solely to the Damage Award), and is hereby authorized to take such actions as it deems appropriate to dismiss with prejudice all aspects of Original Consolidated Appeal No. 10-3672 (except for those aspects of the appeal that relate solely to the Damage Award), including without limitation the appeal of the Judicial Deed Issuance;

- A ruling that the Debtor, its representatives, attorneys, and agents, and any persons acting in concert with any of the foregoing, are hereby enjoined, barred, and estopped from taking any actions (i) in furtherance of Original Consolidated Appeal No. 10-3672 (except for those aspects of the appeal that relate solely to the Damage Award), or (ii) in any way designed to hinder, delay, or interfere with the right of Evergreen to dismiss all aspects of Original Consolidated Appeal No. 10-3672 (except for those aspects of the appeal that relate solely to the Damage Award), including without limitation the appeal of the Judicial Deed Issuance;

- A ruling that Evergreen owns and controls by virtue of the Sale Order all rights, Claims, and interests in and to the Debtor's and the Braunstein Estate's rights to the 2011 L Action and the 2011 L Appeal and is hereby authorized to take such actions as it deems appropriate to dismiss all aspects of the 2011 L Action and the 2011 L Appeal;

- A ruling that the Debtor, its representatives, attorneys, and agents, and any persons acting in concert with any of the foregoing, are hereby enjoined, barred, and estopped from taking any actions in furtherance of the 2011 L Action and the 2011 L Appeal or in any way designed to hinder, delay, or interfere with the rights of Evergreen to dismiss all aspects of 2011 L Action and the 2011 L Appeal with prejudice.

19. The Debtor has raised in its Motion to Vacate the Sale Order (Dkt. 139, the "Motion to Vacate") three basic reasons why he should be permitted to proceed forward with his prosecution of (i) the Original Consolidated Appeal 10-3672 relating to the Judicial Deed Issuance and (ii) the 2011 L Appeal. The Court should reject these arguments for the reasons outlined below:

9

   a. The Debtor has claimed that the Trustee lacked authority to sell the Debtor's appellate rights in the state court litigation because those rights were "essentially [ ] contingent right[s]" that arose after the petition date and so were not property of the estate that could be sold pursuant to Bankruptcy Code section 363. (Motion to Vacate at 7.) This argument fails because it assumes that "contingent rights" are not property of a debtor's estate under Bankruptcy Code section 541. *Morton v. Kievit*, 440 B.R. 457, 476 (Bankr. N.D. Tex. 2010) ("as legions of cases have stated, even contingent interests are property of the estate") (citations omitted). The causes of action sold have been the subject of ongoing litigation since 2006, and the alleged buyout rights in K2 that were part of the Sale Order were in existence as of the Petition Date under the K2 operating agreement. These rights and actions constituted property of the estate despite the fact that they had not been exercised or adjudicated with finality until after the petition date. *In re Bailey*, 306 B.R. 391, 392 (Bankr. D.D.C. 2004) ("In a chapter 7 bankruptcy case, any unliquidated lawsuits initiated by a debtor prepetition (or that could have been initiated by the debtor prepetition) become part of the bankruptcy estate subject to the sole direction and control of the trustee….").

   b. The Debtor has claimed that an appeal right of a prepetition cause of action is somehow magically excised from the estate merely because a final judgment on that action was entered postpetition and therefore supposedly "vested" postpetition. (Motion to Vacate at 9; Schuster Letter, **Exhibit 2** at p.2.) This argument, too, fails because all the facts relating to the Debtor's rights arose prepetition, and the fact that prosecution of these actions continues postpetition

10

does not somehow remove them from the estate being administered by the Trustee. *Segal v. Rochelle*, 382 U.S. 375, 380 (1966) (loss-carryback refund claim arising postpetition is "sufficiently rooted in the pre-bankruptcy past" so as to be property of bankruptcy estate); *In re Meyers*, 616 F.3d 626, 629 (7th Cir. 2010) (*citing* S. REP. NO. 95–989 at 82, 1978 U.S.C.C.A.N. 5787, 5868 (1978) and "noting that, with reference to § 541 of the Code, '[t]he result of *Segal v. Rochelle* ... is followed, and the right to a refund is property of the estate' "); *Bailey*, 306 B.R. at 394 ("a debtor in a chapter 7 case under the Bankruptcy Code violates § 362(a)(3) when she continues prosecution of litigation initiated prepetition, or when she commences litigation postpetition of a prepetition claim, if the claim pursued is property of the estate"); *Booth v. Vaughan,* 260 B.R. 281 (B.A.P. 6th Cir. 2001) (contingent interests are property of the bankruptcy estate even if the rights do not accrue or are uncertain until a date after the bankruptcy filing). Equally lacking in merit is the Debtor's challenge to the sale based on the "complexity of … exactly where the pre and post petition aspects of the referenced claims starts and ends." (Motion to Vacate at 9.)

    c.    Finally, the Schuster Letter at **Exhibit 2** raises two frivolous arguments that are easily countered. The infinitesimal possibility that "Braunstein could acquire the right in the exact same way that Finkelstein did at a bankruptcy auction sale" (Schuster Letter at p.2) is a ludicrous basis upon which to assert standing as it establishes no true economic interest—or "identifiable trifle" of injury—that is central to Braunstein's standing in the case. *See, e.g., Whitmore v. Arkansas,* 495 U.S. 149, 155 (1990) (a party seeking constitutional standing must

11

demonstrate an "injury in fact" that is "concrete", "distinct and palpable", "actual or imminent," and can "fairly can be traced to the challenged action and is likely to be redressed by a favorable decision."); *United States v. Students Challenging Regulatory Agency Procedures,* 412 U.S. 669, 686-90, 690 n. 14 (1973) (to achieve standing, a party must allege a specific, "identifiable trifle" of injury). In addition, the fact that the Debtor did not amend its schedules to include the appeal of the Final Judgment relating to the Judicial Deed Issuance is wholly irrelevant to whether that appeal was property of Braunstein's estate at the time of the entry of the Sale Order, and all the more so given that the appeals at issue were specifically identified on Schedule A to the Sale Order.

20.     In sum, Evergreen paid $115,000 cash for the rights to direct certain appeals that Braunstein now refuses to relinquish ownership and direction of, despite a Sale Order that requires him to do so. The Movants urge the Court to end this blatant harassment of Dr. Finkelstein and his affiliates and grant the Motion in its entirety.

WHEREFORE, Movants respectfully request that this Court enter the proposed form of order—

    i.     clarifying certain appellate rights, Claims, and interests transferred to Evergreen relating to the 2011 L Appeal and the appeal of the Judicial Deed Issuance in Original Consolidated Appeal 10-03672;

    ii.    enjoining the Debtor and his representatives from continuing to hinder, delay, or interfere with those appellate rights, Claims, and interests that were transferred to Evergreen through the Sale Order that relate to the 2011 L Appeal and the appeal of the Judicial Deed Issuance in Original Consolidated Appeal 10-03672;

and

  iii.  granting such other and further relief as is just and equitable.

Dated:  September 15, 2011

                 RESPECTFULLY SUBMITTED,

                 By:_____/s/  Steve Jakubowski_____

                 Steve Jakubowski (IL ARDC No. 6191960)
                 THE COLEMAN LAW FIRM
                 77 West Wacker Drive, Suite 4800
                 Chicago, Illinois 60601
                 Tel:  (312) 444-1000
                 Fax:  (312) 444-1028
                 sjakubowski@colemanlawfirm.com

                 Robert A. Chapman (IL ARDC No.  6191210)
                 CHAPMAN & SPINGOLA
                 77 West Wacker Drive, Suite 4800
                 Chicago, Illinois  60601
                 Tel:  (312) 606-8752
                 Fax:  (312) 444-1028
                 rchapman@chapmanspingola.com

                 *Attorneys for Evergreen Funding, Inc., and K2 Development, LLC II*