UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re:                            )     Chapter 7
                               )     Case No:  10 B 30688

     Kim Jay Braunstein            )
                               )     Honorable Bruce W. Black

        Debtors,                 )
_____ )

## Findings of Fact and Conclusions of Law in Support of Order Awarding to Levenfeld Pearlstein, LLC,, Attorneys for  Trustee, for Allowance and Payment of Interim Compensation and Reimbursement of Expenses.

| | | | |
|---|---|---|---|
| Total Fees Requested: | $ 63,892.00 | Total Costs Requested: | $264.45 |
| Fees Disallowed: | $  1,975.00 | Costs Disallowed: | $  0.00 |
| Total Fees Allowed: | $ 61,917.00 | Total Costs Allowed: | $264.45 |

**Total Fees and Costs Allowed:**     **$ 62,181.45**

THE COURT HAS IDENTIFIED THE NOTED TIME AND EXPENSE ENTRIES THAT HAVE BEEN DISALLOWED IN WHOLE OR IN PART

**(1)**     **Lumping**

The Court may impose a ten percent penalty for "lumping." *In re Wildman*, 72 B.R. 700, 709 (Bankr. N.D. Ill. 1987) ("Applicants may not circumvent the minimum time requirement or any of the requirements of detail by "lumping" a bunch of activities into a single entry. [citation omitted]. Each type of service should be listed with the corresponding specific time allotment.").

Paralegal services lumped @ 10% deduction                  $      60.00

**(2)**     **Overhead Costs are Non-Compensable**

The Court denies reimbursement for fees or expenses that are overhead costs. Expenses that are overhead are not compensable because they are built into the hourly rate. *See In re Wildman*, 72 B.R. 700, 731 (Bankr. N.D. Ill. 1987). Overhead, for bankruptcy purposes, includes "all continuous administrative or general costs or expenses incident to the operation of the firm which cannot be attributed to a particular client or cost." *In re Convent Guardian Corp.*, 103 B.R. 937, 939-40 (Bankr. N.D. Ill. 1989) (quoting *In re Thacker*, 48 B.R. 161, 164 (Bankr. N.D. Ill. 1985)). Absent extraordinary circumstances, the court will not reimburse an applicant for local parking and transportation at the estate's expense. *See In re Convent Guardian Corp.*, 103 B.R. 937, 940-944 (Bankr. N.D. Ill. 1989).

Travel time billed as legal fee                           $     937.50

**(3)**     **Clerical Work Not Compensable**

The court disallows the compensation of clerical or stenographic employees of the professional for the performance of routine clerical or administrative activities in the normal

course of the professional's business, such as photocopying, secretarial work, or routine filing. Such activities are considered overhead of the professional and are built into the professional's hourly billing rates. *See In re Chellino*, 209 B.R. 106, 114 (Bankr. C.D. Ill. 1996) (Paralegal, but not "clerk" services entitled to compensation at an hourly rate; clerk activities are overhead of the professional); *Souza v. Miguel*, 32 F.3d 1370, 1375 (9th Cir. 1994) (Trustee not entitled to reimbursement or compensation of overhead expenses such as secretarial, stenographic, clerical, and routine messenger services).

Electronic filing, obtaining transcripts,
    coordinating deliveries, etc.                                          $    812.50

**(4)    Unreasonable Time**
    The Court denies the allowance in part of compensation for the following task because the professional or paraprofessional expended an unreasonable amount of time on this task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *In re Pettibone*, 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project...An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate." *In re Wildman*, 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987):

Overcharge for routine hearing attendance                              $     75.00
    (permissible at .3/hour)

**(5)    No Benefit to the Estate**
    The court denies requests for fees relating to services that do not benefit the estate or that are not necessary to the administration of the case. 11 U.S.C. ß 330(a)(4)(A). An attorney's internal work to determine whether the attorney's firm satisfies the disinterestedness requirement of section 327 of the Bankruptcy Code does not provide benefit to the estate and is not compensable.

Only .2 hours spend by attorney over entire 1-year
    Period of representation                                          $     90.00

    **Levenfeld Pearlstein, LLC** is hereby awarded an allowance of compensation and expenses as set forth above.

Dated: _____ 2 1 DEC 2012 _____          Entered: _____

                                          Bruce W. Black
                                          United States Bankruptcy Court